IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JAMES ALLEN COUTTS,<br><br>Plaintiff,<br><br>vs.<br><br>KEARNEY COUNTY; STATE OF NEBRASKA; SCOTT WHITE; CORY ZIOLA; SHANE MONTHEY; and JUSTIN GLANZER,<br><br>Defendants. | 8:19CV455<br><br><br>**MEMORANDUM AND ORDER** |

Plaintiff, James Allen Coutts, a state prisoner currently incarcerated at the Lincoln Correctional Center, filed his pro se Complaint on October 17, 2019, and subsequently was granted leave to proceed in forma pauperis. Plaintiff has paid the required initial partial filing fee. The court now conducts an initial review of the Complaint (Filing No. 1) to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2) and 1915A.

I. SUMMARY OF COMPLAINT

Liberally construing Plaintiff's Complaint, he is alleging that three sheriff's deputies (Defendants Cory Ziola, Shane Monthey, and Justin Glanzer) failed to provide him with adequate medical care between May 26, 2009, and July 12, 2010, while he was confined at the Kearney County jail in Minden, Nebraska, awaiting trial and sentencing on unspecified criminal charges, and that the county sheriff (Defendant Scott White) failed to train the deputies.[1] (Filing No. 1, pp. 3-6.) Plaintiff

---

[1] Plaintiff falsely represents that he has not filed other lawsuits in state or federal court dealing with the same facts alleged in this action. (Filing No. 1, p. 13.)

also claims he was discriminated against because only he was charged with assault after getting into an altercation with another inmate at the jail, and complains that the public defender failed to request a continuance of Plaintiff's trial on the assault charge on September 29, 2010, or a continuance of his sentencing on August 7, 2010. (Filing No. 1, pp. 7-9.)

## II. LEGAL STANDARDS ON INITIAL REVIEW

The court is required to conduct an initial review of "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). On such initial review, the court must dismiss the complaint if it: "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C.A. § 1915A(b). *See also* 28 U.S.C. § 1915(e)(2)(B) (requiring dismissal of in forma pauperis complaints "at any time" on the same grounds as § 1915A(b)).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows

---

Plaintiff filed a § 1983 action against the same defendants in this court on March 23, 2016, which action was dismissed without prejudice on September 21, 2016, for lack of prosecution. *See Coutts v. Kearney County, Nebraska, et al.*, Case No. 8:16CV121 (D. Neb.). Plaintiff also filed two state-court actions in 2012. *See Coutts v. Kearney County, Nebraska*, Case No. CI 12-52 (Dist. Ct. Kearney Cty., filed May 25, 2012) and *Coutts v. Kearney County, Nebraska*, Case No. CI 12-102 (Dist. Ct. Kearney Cty., filed Nov. 8, 2012), available at https://www.nebraska.gov/justice.

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

### III. DISCUSSION OF CLAIMS

Plaintiff indicates this action is filed pursuant to 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute, and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Generally, a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law. *Id.* at 50.

#### A. Inadequate Medical Care

A convicted prisoner's conditions of confinement are subject to scrutiny under the Eighth Amendment's prohibition against cruel and unusual punishment, while a pretrial detainee's challenge to such conditions is analyzed under the due process clause of the Fifth Amendment (with respect to federal actors) or the Fourteenth Amendment (with respect to state actors). *See Johnson-El v. Schoemehl*, 878 F.2d 1043, 1048 (8th Cir. 1989). Plaintiff entered the Kearney County jail as a "pretrial detainee" on May 26, 2009, and became a "convicted prisoner" at some unknown date prior to July 12, 2010, when he was sentenced and transferred to the Nebraska Diagnostic and Evaluation Center. *See Whitnack v. Douglas County*, 16 F.3d 954.

957 (8th Cir. 1994) (Eighth Amendment applied to conditions-of-confinement claim brought by jail inmate who was convicted but awaiting sentencing). This makes little difference as a practical matter, though, because pretrial detainees are entitled to the same protection as imprisoned convicts. *See Davis v. Oregon County*, 607 F.3d 543, 548 (8th Cir. 2010). The Eighth Amendment's prohibition on cruel and unusual punishment protects prisoners from deliberate indifference to objectively serious medical needs. *See Gregoire v. Class*, 236 F.3d 413, 417 (8th Cir. 2000).

The court finds it unnecessary to discuss whether sufficient facts are alleged in to show that Defendants were deliberately indifferent to Plaintiff's objectively serious medical needs, however, because it appears from the face of the Complaint that any § 1983 claim is time-barred.[2] Plaintiff's claim for inadequate medical care accrued, at the latest, on July 12, 2010, when he was released from the Kearney County jail and placed in State custody.[3]

The length of the statute of limitations for a § 1983 claim is the same as the length of the statute of limitations "for personal-injury torts" in "the State in which the cause of action arose." *Wallace v. Kato*, 549 U.S. 384, 387 (2007). In Nebraska, § 1983 actions are subject to a four-year statute of limitations. *See Montin v. Estate of Johnson*, 636 F.3d 409, 412-13 (8th Cir. 2011); Neb. Rev. Stat. § 25-207 (Westlaw 2020) ("The following actions can only be brought within four years: ... (3) an action for an injury to the rights of the plaintiff, not arising on contract, and not hereinafter enumerated....").

---

[2] Although the statute of limitations is an affirmative defense, a district court may properly dismiss an in forma pauperis complaint as frivolous when it is apparent that the statute of limitations has run. *Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992).

[3] "Section 1983 claims accrue, for the purpose of the statute of limitations, when the plaintiff knows or has reason to know of the injury which is the basis of his action. Accrual occurs when the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief." *Haltom v. Parks*, No. 8:15-CV-428, 2018 WL 1033488, at *2 (D. Neb. Feb. 21, 2018) (citations omitted).

There are not sufficient facts alleged to support a finding that the statute of limitations was tolled in this case. Although tolling may occur when a person, at the time the cause of action accrued, had a mental disorder or was imprisoned, *see* Neb. Rev. Stat. § 25-213 (Westlaw 2020), these conditions must have actually prevented the person from taking action. *See Maycock v. Hoody*, 799 N.W.2d 322, 329 (Neb. 2011) (a person with a "mental disorder," for purposes of § 25-213, is one who suffers from a condition of mental derangement which actually prevents the sufferer from understanding his or her legal rights or from instituting legal action); *Gordon v. Connell*, 545 N.W.2d 722, 726 (Neb. 1996) ("[A] showing of a recognizable legal disability, separate from the mere fact of imprisonment, which prevents a person from protecting his or her rights is required to entitle a prisoner to have the statute of limitations tolled during imprisonment."). Plaintiff alleges that he suffered from bipolar, intermittent explosive disorder, anxiety, insomnia, and post traumatic stress disorder, and that he was imprisoned, but these limitations did not prevent him from filing lawsuits in 2012 and 2016 based on the same set of facts.[4]

### B. Assault Charge

The statute of limitations has also long since run on any § 1983 claim related to the assault charge Plaintiff was convicted of in 2010. In addition, the Complaint's allegations fail to state a plausible claim for relief against any named Defendant.

### IV. CONCLUSION

Because Plaintiff's purported § 1983 claims accrued more than four years prior to the filing of this lawsuit, they are barred by the statute of limitations and are subject to dismissal under 28 U.S.C. §§ 1915(e)(2) and 1915A for failure to state a claim upon which relief may be granted. *See, e.g.*, *Petitphait v. Christensen*, No. 8:19CV115, 2020 WL 229994, at *1 (D. Neb. Jan. 15, 2020) (dismissing time-barred § 1983 action with prejudice on initial review). Out of an abundance of caution, however, the court on its own motion will give Plaintiff leave to amend. If an Amended Complaint is filed within 30 days, the court will conduct another initial

---

[4] *See* note 1, *supra*.

review. If an Amended Complaint is not filed within 30 days, this action may be dismissed without further notice to Plaintiff.

Accordingly,

IT IS ORDERED:

1. On the court's own motion, Plaintiff shall have 30 days in which to file an Amended Complaint that states a claim on which relief may be granted. Failure to file an Amended Complaint within 30 days will result in the court dismissing the case without further notice to Plaintiff.

2. The clerk of the court is directed to set the following pro se case management deadline: **September 14, 2020**, check for amended complaint.

Dated this 14th day of August, 2020.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge